UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIK M. GOODWIN,<br><br>      Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>      Defendant. | Case No. 1:20-cv-2690<br><br>Removed from Marion Superior Court, Civil Division 2,<br>Cause No. 49D02-2009-MI-032177 |

**INDEX OF STATE COURT RECORD**

| DATE | DESCRIPTION |
|---|---|
| 9/17/2020 | *Erik M. Goodwin v. Experian Information Solutions, Inc.*, Marion Superior Court, Civil Division 2, Cause No. 49D02-2009-MI-032177, Chronological Case Summary |
| 9/17/2020 | Appearance |
| 9/17/2020 | Complaint |
| 9/17/2020 | Summons |
| 9/25/2020 | Certified Mail Returned<br><br>Summons was issued 9/17/2020. Service by certified mail on CT Corporation System on 9/22/2020 postmarked 9/18/2020. Return of Service docketed on 9/25/2020 |

By:    *s/Leah L. Seigel*
        Leah L. Seigel
        **BARNES & THORNBURG LLP**
        11 S. Meridian Street
        Indianapolis, Indiana 46204
        Telephone:   (317) 236-1313
        Facsimile:    (317) 231-7433
        Email: leah.seigel@btlaw.com

*Attorney for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 15th day of October, 2020, by electronically filing the same with the Clerk of the Court using the CM-ECF and was separately emailed to counsel. A courtesy copy will also be mailed to:

>John T. Steinkamp, Esq.
>5214 S. East Street, Suite D-1
>Indianapolis, IN 46227
>john@johnsteinkampandassociates.com

>/s/Leah L. Seigel
>Leah L. Seigel

> This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Erik M Goodwin v. Experian Information Solutions, Inc.

| | |
|---|---|
| Case Number | 49D02-2009-MI-032177 |
| Court | Marion Superior Court, Civil Division 2 |
| Type | MI - Miscellaneous Civil |
| Filed | 09/17/2020 |
| Status | 09/17/2020 , Pending  (active) |

### Parties to the Case

| | |
|---|---|
| Defendant | Experian Information Solutions, Inc. |

| | |
|---|---|
| Plaintiff | Goodwin, Erik M |
| Attorney | John Thomas Steinkamp |
| | *#1989149, Retained* |
| | 5214 S East ST |
| | STE 1D |
| | Indianapolis, IN 46227 |
| | 317-782-9800(W) |

### Chronological Case Summary

**09/17/2020   Case Opened as a New Filing**

**09/17/2020   Appearance Filed**
Appearance

| | |
|---|---|
| For Party: | Goodwin, Erik M |
| File Stamp: | 09/17/2020 |

**09/17/2020   Complaint/Equivalent Pleading Filed**
Complaint

| | |
|---|---|
| Filed By: | Goodwin, Erik M |
| File Stamp: | 09/17/2020 |

**09/17/2020   Subpoena/Summons Filed**
Experian Summons

| | |
|---|---|
| Filed By: | Goodwin, Erik M |
| File Stamp: | 09/17/2020 |

**09/25/2020   Certified Mail Returned**
GREEN CARD SIGNED.

| | |
|---|---|
| Party Served: | Experian Information Solutions, Inc. |

### Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Goodwin, Erik M**

Plaintiff

Balance Due (as of 10/15/2020)

0.00

Charge Summary

| Description | Amount | Credit | Payment |
| --- | --- | --- | --- |
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

Transaction Summary

| Date | Description | Amount |
| --- | --- | --- |
| 09/17/2020 | Transaction Assessment | 157.00 |
| 09/17/2020 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

Case 1:20-cv-02690-JMS-DLP   Document 1-1   Filed 10/15/20   Page 5 of 15 PageID #: 19

49D02-2009-MF-032177
Marion Superior Court, Civil Division 2

Filed: 9/17/2020 11:17 AM
Clerk
Marion County, Indiana

| STATE OF INDIANA | IN THE MARION SUPERIOR COURT |
|---|---|
| COUNTY OF MARION | SS: |

ERIK M. GOODWIN,

    Plaintiff,

vs.

Experian Information Solutions, Inc.

    Defendant.

## APPEARANCE BY ATTORNEY IN A CIVIL CASE

Party Classification:    Initiating  X     Responding  _____     Intervening  _____

    Comes now Attorney John T. Steinkamp, and enters his appearance on behalf of Plaintiff, Erik M. Goodwin, in the above-entitled civil proceeding.

Respectfully submitted

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49
*Attorney for Plaintiff*
5214 S. East Street, Suite D-1
Indianapolis, IN  46227
(317) 780-8300
(317) 217-1320
john@johnsteinkampandassociates.com

# SUMMONS

Marion Superior Court, Civil Division 2

In the Marion Superior Court, Room No. _____

**Erik M. Goodwin**
Plaintiff

—vs—

**Experian Inofrmation Solutions, Inc**

Cause No. _____

Defendant

TO DEFENDANT: (Name) __**Experian c/o CT Corporation System**__

(Address) __**150 West Market Street, Ste. 800**__

__**Indianapolis, IN, 46204**__

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated __9/17/2020__  _____Myla A. Eldridge_____ (Seal)
Clerk, Marion Superior Court

(The following manner of service of summons is hereby designated.)

[✔] Registered or certified mail.
[ ] Service at place of employment, to-wit _____
[ ] Service on individual   (Personal or copy) at above address.
[✔] Service on agent. (Specify) __**CT Corporation System**__
[ ] Other service. (Specify) _____

__John T. Steinkamp, 19891-49__
**Attorney for Plaintiff**
__5214 S. East. St., D1 Indpls, IN__
Address

__(317)780-8300__
Telephone

Marion County Superior Court
200 East Washington Street
Indianapolis, IN 46204

Telephone

Form #209

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20_____

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____

_____

_____

Sheriff's Costs                                     Sheriff

                                                    By: _____
                                                         Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

Clerk, Marion Superior Court

Dated: _____, 20_____   By: _____
                                                         Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20_____.

Clerk, Marion Superior Court

By: _____
     Deputy

---

Telephone | Address | Attorney for Plaintiff | John T. Steinkamp, 19891-49 | SHERIFF'S COSTS | SUPERIOR COURT ROOM NO. _____ | SUMMONS | Defendant | Erik M. Goodwin | vs. | Plaintiff | Cause No. _____ | Room No. _____

| STATE OF INDIANA | | IN THE MARION SUPERIOR COURT |
|---|---|---|
| COUNTY OF MARION | SS: | CAUSE NO.: _____ |

Erik M. Goodwin,

    Plaintiff,

vs.

Experian Information Solutions Inc.,

    Defendant.

# PETITION

COMES NOW Plaintiff, through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. This is an action for damages brought by an individual consumer against the Defendant Experian for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue lies properly in this district under 28 U.S.C. §1391(b).

4. Plaintiff is a resident of Indiana.

5. Defendant Experian Information Solutions Inc. is a Delaware corporation.

6. Defendant Experian was and is engaged in the business of credit reporting,

1

all within Indiana.

7. On or about December 28, 2018, Plaintiff filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code in case number 18-09589-RLM-7A, filed in the Southern District of Indiana.

8. Plaintiff received a standard discharge on or about April 6, 2019.

9. Defendant Experian was aware of Plaintiff's filing for bankruptcy protection as Defendant Experian was reporting the date Plaintiff filed the bankruptcy petition in the public records section of Plaintiff's Experian credit report.

10. Defendant Experian was aware of Plaintiff's bankruptcy discharge as Defendant Experian was reporting the date of the discharge in the public records section of Plaintiff's Experian credit report.

11. Defendant Experian is a sophisticated entity, well aware of its obligations under the FCRA.

12. Defendant Experian has been on notice since at least 2008 that pre-petition debts discharged in bankruptcy, with an account opening date preceding the filing of the bankruptcy petition, should be reported with a zero or blank dollar balance and an "included in bankruptcy" or "discharged in bankruptcy" status indication.

13. Defendant Experian is reporting the following accounts as due and owing on Plaintiff's credit report: AUTO TRAKK, LLC in the amount of $5,584.00.

14. The reporting of $5,584.00 as due and owing is false because the debt was discharged in the received in bankruptcy, case number 18-09589-RLM-7A, filed in the Southern District of Indiana.

15. Plaintiff received a discharge on April 6, 2019.

16. Defendant Experian reported the discharge in case 18-09589-RLM-7A on Plaintiff's in the public records section of the credit reports.

17. Defendant Experian has no reasonable means of monitoring or updating the AUTO TRAKK, LLC account once it was discharged in bankruptcy to correspond with the reporting of the discharge in the public records section of the credit reports.

18. The credit report still shows the discharged $5,584.00 as owing and able to be enforced and collected.

19. Despite this knowledge and reporting of the April 6, 2019 bankruptcy discharge, Defendant has no reasonable means of monitoring or updating the AUTO TRAKK, LLC account correctly once a bankruptcy discharge is issued.

20. Despite this knowledge and reporting of the April 6, 2019 bankruptcy discharge, the credit reports prepared by the Defendants still show the discharged $5,584.00 as owing and able to be enforced and collected.

21. Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiff's credit worthiness.

22. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

**Count I – Violations of the Fair Credit Reporting Act -  Defendant Experian**

Comes now Plaintiff and for Count I against Defendant Experian and alleges to

3

the Court:

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

25. Pertinent hereto, the Plaintiff Erik M. Goodwin is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

26. Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

27. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian is liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendant Experian of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

28. In addition, Plaintiff disputed the inaccuracy to Defendant Experian.

4

29. Upon information and belief, the Credit Report Agency Defendants reported to the Defendant Experian Information Solutions Inc. that Plaintiff disputed the delinquency and false credit reporting.

30. Defendant Experian failed to correct the inaccuracies and reverified to Plaintiff that the reporting was accurate.

31. Equifax, a competing Credit Reporting Agency who also maintained a credit file on Erik M. Goodwin corrected this issue upon dispute by Erik M. Goodwin and otherwise maintained reasonable procedures to assure maximum possible accuracy, unlike Defendant.

32. Trans Union, a competing Credit Reporting Agency who also maintained a credit file on Erik M. Goodwin corrected this issue upon dispute by Erik M. Goodwin and otherwise maintained reasonable procedures to assure maximum possible accuracy, unlike Defendant.

33. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian is liable to the Plaintiff for willfully and negligently violating the requirements imposed on Defendant Experian of information under 15 U.S.C. §1681i wherein the Defendant failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

34. The conduct of Defendant Experian was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant Experian is liable to the Plaintiff for the full amount of statutory,

5

actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against Defendant Experian based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
/s/ John T. Steinkamp
John T. Steinkamp, #19891-49
Attorney for Plaintiff
5214 S. East Street, Suite D-1
Indianapolis, IN  46227
317-780-8300
john@johnsteinkampandassociates.com

**Demand for Jury Trial**

Comes now Plaintiff and demands a jury trial on all issues so triable.

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49

6

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Information Solutions, Inc.
c/o CT Corporation System
150 West Market Street, Ste. 800
Indianapolis, IN 46204

9590 9402 5180 9122 1797 46

2. Article Number (Transfer from service label)

7019 0700 0000 0141 4370

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

SEP 2 2

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
  (500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

```
9590 9402 5180 9122 1797 46
```

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Marion County Superior Court
200 East Washington St.
Indianapolis, IN 46204

49D02-2009-MI-032177